UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD HALEY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-754-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and two motions to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action. Specifically, petitioner states, "Petitioner filed his application requesting that the United States Court of Appeals for the Eighth Circuit certify his request to proceed with a second habeas corpus petition based on *Johnson v. United States* by hand-delivery to the Court of Appeals on May 20, 2016. The Eighth Circuit docketed his petition on May 25, 2013, assigning the proceeding Cause No. 16-2353. The Eighth Circuit has not yet ruled on this request."

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

When a second or successive habeas petition is filed in a District Court without the authorization of the Court of Appeals, the Court should dismiss it, or, in its discretion and in the interests of justice, transfer the motion to the Court of Appeals. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002).[1] Because movant has already filed an action with the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on *Johnson*, this Court will not transfer the instant action, but rather, will dismiss it without prejudice to refiling if, and when, movant obtains permission to do so.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motions to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action [Doc. Nos. 9 and 10] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that movant's motion to vacate [Doc. No. 8] is **DENIED**, without prejudice, because movant has not yet obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

---

[1] The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to the Federal Public Defender.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE